## HEAP v. BORCHERS.

### (Circuit Court, E. D. Pennsylvania. May 11, 1901.)

### No. 27.

ACTION ON PATENT—PLEA—SUFFICIENCY.

In a suit on a patent, a plea alleging that the patent expired 22 days after the bill was filed, and before defendant was required to answer, is sufficient where a preliminary injunction was not moved for, and the bill does not allege prior adjudication, nor acquiescence, nor any fact on which such a motion could have been founded.

See 106 Fed. 558.

Edwin H. Brown, for complainant.
Jos. C. Fraley and Henry N. Paul, Jr., for respondent.

DALLAS, Circuit Judge. The plea which has been filed alleges that the patent upon which the bill is founded expired on December 4, 1900, and the question for decision is: Would that fact, if established, devest the court of jurisdiction to determine this controversy in a suit in equity? The point is not a new one. Upon facts more or less like those now presented, it has on several occasions been considered by the courts; and while, at first glance, it may seem that the conclusions which they have reached are not entirely harmonious, I have, by careful examination made in the light of a very helpful argument, been brought to perceive that they are not conflicting. In some instances, it is true, bills have been retained which had been filed but a very short time prior to the expiration of the patent, while in others they have been dismissed although the patent continued in force for a considerably greater period after the bringing of the suit; but this variance in result does not indicate that the judges who have heretofore been called upon to consider the question have differed concerning the underlying principle upon which, in my opinion, its correct decision actually depends. The important inquiry is, not merely as to the period intervening between the filing of the bill and the expiration of the term of the patent, but is whether the complainant had, prior to its expiration, placed himself in a position entitling him to any equitable relief; and in the present case it seems to be clear that this had not been done. The plea alleges that the patent in suit expired 22 days after the bill was filed, and, therefore, before the defendant was required to answer. A preliminary injunction was not moved for, and the bill does not allege prior adjudication, nor acqui-

escence, nor any fact whatever upon which such a motion could have been founded. Consequently, although the bill does contain the usual prayer for a preliminary injunction, no title to that relief had been either alleged or shown; and as it is not asserted that at the time when the patent is said to have expired any other relief could have been obtained, it follows that, if this plea should be sustained by proof, the bill to which it relates must necessarily be dismissed. Therefore the plea is allowed, but with leave to the complainant to reply thereto within such time as counsel may agree upon, or as, upon notice and motion, the court shall prescribe.